**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**ARCHIE JAMES KNIGHT**                                                           **PETITIONER**

**V.**                              **CASE NO. 5:12-CV-148-DCB-MTP**

**FRANK SHAW, et al.**                                                      **RESPONDENTS**

## REPORT AND RECOMMENDATION

This matter is before the Court on Archie James Knight's Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and on the Respondent's Motion to Dismiss [11] the Petition as untimely under 28 U.S.C. § 2244(d). Having considered the parties' briefs, case record, and applicable law, the undersigned is of the opinion that the Petition was not filed within the one-year limitations period and, therefore, the undersigned recommends that the Motion to Dismiss should be granted.

### FACTS AND PROCEDURAL HISTORY

On May 2, 2007, Archie James Knight pled guilty to attempted sexual battery in the Circuit Court of Adams County, Mississippi, and was sentenced to a term of 25 years in the custody of the Mississippi Department of Corrections ("MDOC").[1] Knight did not file a direct appeal.[2] However, on May 31, 2011, he filed an "application for leave to proceed in the Adams

---

[1] *See* Transcript of Plea Hearing [11-1].

[2] At the time Knight was convicted, a prior version of Miss. Code Ann. § 99-35-101 was applicable, which provided that: "Any person convicted of an offense in a circuit court may appeal from the circuit court to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty." The statute was amended in 2008 and no longer allows a defendant to appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101 ("[W]here the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the [Mississippi] Supreme Court shall be allowed"); *Seal v. State,* 30 So. 3d 635, 638 (Miss. Ct. App. 2010) (stating that direct appeals

County Circuit Court with post-conviction relief motion" in the Supreme Court of Mississippi. Doc. [11-2]. On June 9, 2011, the supreme court dismissed the motion without prejudice so that it could be filed in the trial court. Doc. [11-3]. On June 29, 2011, Knight filed a motion for reconsideration of post-conviction relief in Adams County Circuit Court, asserting that he had been illegally sentenced. By order dated August 16, 2012, the circuit court denied his motion and found that the request for post-conviction relief was time-barred. Doc. [11-4].

On November 6, 2012, Knight filed his Petition for Writ of Habeas Corpus [1] in this Court, asserting the following grounds for relief: improper judicial conduct, involuntary plea, illegal sentence, ineffective assistance of counsel, and violation of Fifth Amendment right to due process.[3] The Respondent in this matter, Frank Shaw, contends that the Petition [1] was untimely filed and, therefore, should be dismissed under 28 U.S.C. § 2244(d).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which applies to this case, provides that petitions for federal habeas relief must be filed within one-year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the

---

of guilty pleas entered after July 1, 2008, are prohibited).

[3]Ground One of the Petition is listed as "Motion for Disqualification or Recusal." The undersigned interprets this title and the supporting facts thereof as a claim for improper judicial conduct. Ground Two is listed as "Motion for Reconsideration and/ or Notice of Appeal." However, under this ground, the Petitioner states that his plea was entered involuntarily and unintelligently, that he received ineffective assistance of counsel, and that his sentence was illegal. In the supporting facts for Ground Three, Knight states that his Fifth Amendment due process rights were violated and that he was deprived of his Sixth Amendment right to counsel. Since Knight was represented by counsel at the plea hearing, the undersigned interprets the right to counsel argument as a claim for ineffective assistance. In the supporting facts for Ground Four, the Petitioner argues that there is no factual basis to support the crime of sexual battery and that his counsel forced him to enter a guilty plea.

time for seeking such review."[4] 28 U.S.C. § 2244(d)(1)(A); *Manning v. Epps*, 688 F.3d 177, 182 (5th Cir. 2012). However, this time limitation is statutorily tolled during the pendency of any properly filed motion for state post-conviction relief or other collateral review related to the pertinent judgment. 28 U.S.C. § 2244(d)(2).

Knight's conviction became final on June 1, 2007,[5] which gave him one year–until June 2, 2008–to file a petition for federal habeas relief, absent statutory or equitable tolling.[6] As stated above, the Petitioner moved for post-conviction relief on May 31, 2011, approximately four years after his conviction became final and three years after the § 2244(d) deadline passed. The limitations period within which a convict may seek federal habeas relief is tolled during the pendency of any properly filed motion for state post-conviction relief. Here, however, the one-year limitations period had already expired before Knight sought post-conviction relief from the state court. He filed the instant Petition in this Court on November 16, 2012, long after his deadline for seeking federal habeas relief had expired. Accordingly, Knight's claims are time-barred from federal review.

Further, the Petitioner does not show that rare and exceptional circumstances exist in this

---

[4] Knight filed his petition after the effective date of the AEDPA. *See Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Lindh v. Murphy*, 521 U.S. 320, 324-26 (1997) (stating that the AEDPA applies to federal habeas corpus petitions filed on or after April 24, 1996).

[5] Knight was sentenced on May 2, 2007, prior to the 2008 amendment of Miss. Code Ann. § 99-35-101. At the time Knight was sentenced, a defendant who had been convicted after pleading guilty to a crime could have appealed an illegal sentence within 30 days of the conviction. *Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989) ("an appeal from a *sentence* imposed pursuant to a guilty plea is not equivalent to an appeal from the guilty plea itself"); *Burns v. State,* 344 So. 2d 1189, 1190 (Miss. 1977). Therefore, Knight's conviction became final 30 days after it was entered, June 1, 2007.

[6] Since June 1, 2008, was on a Sunday, the deadline for filing a federal habeas petition was the next business day, June 2, 2008.

case to justify equitable tolling of his time-barred claims. The decision to apply the equitable tolling doctrine to the one-year limitations period under § 2244(d) is within the district court's discretion. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A petitioner must show that rare and exceptional circumstances exist in a case to warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). Federal courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811).

Knight does not assert that the Respondent actively misled him about the case or that he was prevented from asserting his rights. Although he was given an opportunity to do so, Knight did not respond to the Respondent's argument that the Petition is time-barred. He offers no explanation for his failure to pursue federal habeas relief within the § 2244(d) limitations period. As such, he fails to show that there are rare and exceptional circumstances which justify an application of equitable tolling to his claims. Because Knight filed his Petition beyond the § 2244(d) deadline and because equitable tolling does not apply, the Petition is time-barred and should be dismissed with prejudice.

## RECOMMENDATION

In light of the foregoing analysis, the undersigned recommends that the Respondent's Motion to Dismiss [11] be granted and that the Petition for Writ of Habeas Corpus [1] be

dismissed as untimely under § 2244(d).

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules, any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 1st day of August, 2013.

                                              **/s/MICHAEL T. PARKER**
                                              UNITED STATES MAGISTRATE JUDGE