```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

ARCHIE JAMES KNIGHT                                      PETITIONER

VS.                           CIVIL ACTION NO. 5:12-cv-148(DCB)(MTP)

STATE OF MISSISSIPPI and
FRANK SHAW, Warden of the
East Mississippi Correctional
Facility                                                RESPONDENTS


<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on the defendants State of Mississippi and Frank Shaw's Motion to Dismiss **(docket entry 11)**, and on the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 15)**. Having carefully considered the motion and the Report and Recommendation, and being fully advised in the premises, the Court finds as follows:

On May 2, 2007, Knight pled guilty to attempted sexual battery in the Circuit Court of Adams County, Mississippi, and was sentenced to a term of 25 years in the custody of the Mississippi Department of Corrections. On August 27, 2007, he filed a motion for post-conviction relief in the Circuit Court of Adams County. The Circuit Court denied Knight's petition on October 9, 2009.

On December 16, 2009, Knight filed a federal habeas corpus petition with this Court, pursuant to 28 U.S.C. § 2254. On February 22, 2010, Knight's petition was dismissed without prejudice as premature, since the petitioner had not received a decision from the Mississippi Supreme Court on his appeal from the

Circuit Court's denial of post-conviction relief. The record before this Court is not sufficient to determine what happened next, but apparently there were subsequent rulings by both the Mississippi Supreme Court and the Circuit Court of Adams County.

The present petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 was filed on November 6, 2012. On January 4, 2013, the respondents filed a Motion to Dismiss Pursuant to § 2244(d). Magistrate Judge Parker entered his Report and Recommendation on August 1, 2013, recommending dismissal of the petition because it is barred by the one-year limitations period of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

All federal habeas corpus petitions filed after April 24, 1996, the effective date of the AEDPA, are subject to a one-year statutory limitations period. 28 U.S.C. § 2244(d)(1); <u>Roberts v. Cockrell</u>, 319 F.3d 690, 693 (5th Cir. 2003). Generally, this limitations period begins to run from the date on which a petitioner's state court conviction becomes "final," either at the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Section 2244(d)(1) also contains three exceptions (B, C and D), none of which are applicable here. Knight does not allege that he was impeded from filing his federal habeas petition by an unconstitutional state action (B), that the Supreme Court has announced a new constitutional right made retroactively applicable

to his case (C), or that he could not have discovered the factual predicate of his claims through the exercise of due diligence until a later time (D).

Knight was sentenced on his guilty plea on May 2, 2007. Under present Mississippi law, there is no direct appeal from a guilty plea. See Miss. Code Ann. § 93-35-101. However, at the time of Knight's guilty plea, the Mississippi Supreme Court recognized an exception to this prohibition, allowing an appeal within thirty days of the sentencing order when the issue concerned an allegedly illegal sentence. See, e.g., Acker v. State, 797 So.2d 966 (Miss. 2001). (This exception has since been eliminated for guilty pleas taken after July 1, 2008. See Seal v. State, 38 So.3d 635 (Miss. App. 2010)). Therefore, at the latest, pursuant to Roberts v. Cockrell, 319 F.3d 690 (5th Cir. 2003), Knight's conviction became final when his thirty-day period for seeking review of the sentence expired, which was on June 1, 2007. The one-year limitations period for filing a federal habeas petition would therefore expire on June 2, 2008 (since June 1, 2008, fell on a Sunday).

The one-year limitations period is tolled, however, while a petitioner's state post-conviction review "is pending." 28 U.S.C. § 2244(d)(2); see Grooms v. Johnson, 208 F.3d 488, 489 (5th Cir. 1999). Once the state post-conviction review is complete, the limitations period resumes. Lawrence v. Florida, 549 U.S. 327, 331-32 (2007).

In this case, Knight's one-year limitations period began on June 1, 2007, but was tolled beginning August 27, 2007, when he filed his state court motion for post-conviction relief.  In their Motion to Dismiss, the respondents admit that "if Knight filed a 'properly filed' application for post-conviction relief ('PCR') as contemplated by 28 U.S.C. § 2244(d)(2) on or before June 2, 2008, it would toll the limitations period."  Motion to Dismiss, p. 3.  However, the respondents then conclude that "Knight's motion for PCR was filed outside the one-year time limitation period prescribed by the AEDPA," and that "the statute of limitations for his federal habeas petition is not tolled for the pendency of his PCR."  Id.

Because the respondents fail to acknowledge Knight's August 27, 2007, state court motion for post-conviction relief, and because the present record is incomplete regarding subsequent proceedings in the state courts, this Court cannot determine the extent of statutory tolling under 28 U.S.C. § 2244(d)(2), and the respondents' Motion to Dismiss must be denied without prejudice so that a more complete record can be made.

Accordingly,

IT IS HEREBY ORDERED that the defendants State of Mississippi and Frank Shaw's Motion to Dismiss **(docket entry 11)** is DENIED without prejudice;

Insofar as a more thorough record must be made by the parties,

4

the Report and Recommendation cannot be adopted at this time.

SO ORDERED, this the 20th day of September, 2013.

/s/ David Bramlette<br>
UNITED STATES DISTRICT JUDGE