IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ARCHIE JAMES KNIGHT, #98633**                               **PETITIONER**

**v.**                                                    **NO.: 5:12-cv-148-DCB-MTP**

**FRANK SHAW, Warden of**
**East Mississippi Correctional Facility,** *et al.*                **RESPONDANT**

### Report and Recommendation

THIS MATTER is before the Court on the Petition of James Knight for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [21] pursuant to 28 U.S.C. § 2244(d). Having considered the submissions of the parties, along with the documents made a part of the record and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [21] be granted and that the Petition [1] be dismissed with prejudice.

### Procedural History

On May 2, 2007, Petitioner entered a guilty plea to the charge of Sexual Battery in the Circuit Court of Adams County, Mississippi. The trial court ordered the Petitioner to serve a twenty-five year sentence with the Mississippi Department of Corrections ("MDOC"). (Motion [11] Ex.A.] Petitioner did not appeal the sentence to the Mississippi Supreme Court.

On August 14, 2007, he filed a motion for post-conviction relief in the Circuit Court of Adams County.[1] (Motion [21] Ex. A) The trial court denied this petition on October 29, 2009. (Motion [21] Ex. B). According to the records of the Mississippi Supreme Court Clerk's Office,

---
[1] The motion was signed by Petitioner on August 14, 2007. The motion was stamped "filed" on August 27, 2007. The Court will use the earlier date.

Petitioner did not appeal the trial court's decision to the Mississippi Supreme Court.[2] Additionally, in his response [22] Petitioner does not indicate that he appealed the trial court's decision.

On May 31, 2011, Petitioner filed an "application for leave to proceed in the Adams County Circuit Court with post-conviction relief motion" in the Supreme Court of Mississippi. (Motion [11] Ex. B). On June 8, 2011, the Supreme Court dismissed the motion so that it could be filed in the trial court. (Motion [11] Ex. C). On June 29, 2011, Petitioner filed a motion for reconsideration of post-conviction relief in the Adams County Circuit Court, asserting that he had been illegally sentenced. By order dated August 16, 2012, the trial court denied his motion and found that the request for post-conviction relief was time-barred. (Motion [11] Ex. D).

On October 30, 2012, Knight filed his Petition for Writ of Habeas Corpus [1] in this Court,[3] asserting the following grounds for relief: improper judicial conduct, involuntary plea, illegal sentence, ineffective assistance of counsel, and violation of Fifth Amendment right to due process. In the Motion to Dismiss [21], Respondent contends that the Petition [1] was untimely filed and, therefore, should be dismissed under 28 U.S.C. § 2244(d). Petitioner responded, claiming he exercised due diligence in filing his petition, but his ignorance of the law, mental status, and education caused him not to file in time. (Response [22]).

**Analysis**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which applies to this case, provides that petitions for federal habeas relief must be filed within one-year from "the date

---

[2] A review of the docket reveals no such appeal. *See* http://courts.ms.gov/appellate_courts/generaldocket.html. Additionally, the Habeas Petition does not identify an appeal. *See* Petition [1].

[3] Under the "mailbox rule" a federal habeas petition is deemed "filed" on the date that he delivers the petition to the prison officials. *Coleman v. Johnson* 184 F. 3d 398, 401 (5th Cir 1999). The date Knight signed the petition was October 30, 2012. The date it was "filed" in this Court was November 6, 2012. Weighting all doubts in the Petitioners favor, the Court will use to the earlier date October 30, 2012.

on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Manning v. Epps*, 688 F.3d 177, 182 (5th Cir. 2012). However, this time limitation is statutorily tolled during the pendency of any properly filed motion for state post-conviction relief or other collateral review related to the pertinent judgment. 28 U.S.C. § 2244(d)(2); *Grillete v Warden* 372 F.3d 765, 769 (5th Cir. 2004); *Flannagan v. Johnson* 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

Knight's conviction became final on June 1, 2007,[4] which gave him one year—until June 2, 2008[5]—to file a petition for relief, absent statutory or equitable tolling. On August 14, 2007, only 3 months after his sentencing, Knight filed a motion for post-conviction relief. It was dismissed on October 29, 2009. Therefore, from August 14, 2007, to October 29, 2009, the statute of limitations was tolled for 807 days or 2 years, 2 months and 15 days. This extends the due date for the habeas petition to August 18, 2010.

On May 31, 2011, Knight filed an "application for leave to proceed in the Adams County Circuit Court with post-conviction relief motion" in the Supreme Court of Mississippi. (Motion [11] Ex. B) It was dismissed to be refiled at the trial court level, where it was subsequently denied because it was barred by the three year statute of limitations for post-conviction relief claims. *See* Miss Code Ann. 99-39-5(2). Knights second motion for post-conviction relief was not "properly filed" because it was barred by the three year statute of limitations under

---

[4] Knight was sentenced on May 2, 2007, prior to the 2008 amendment of Miss. Code Ann. § 99-35-101. At the time Knight was sentenced, a defendant who had been convicted after pleading guilty to a crime could have appealed an illegal sentence within 30 days of the conviction. *Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989) ("an appeal from a sentence imposed pursuant to a guilty plea is not equivalent to an appeal from the guilty plea itself"); *Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977). Knight did not appeal. Therefore, Knight's conviction became final 30 days after it was entered, June 1, 2007.

[5] June 1, 2008, was on a Sunday, the deadline was the next available business day, June 2, 2008.

Mississippi Law. Therefore, it did not toll the statute of limitations for his federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A).

On November 6, 2012, the Petitioner filed the instant habeas petition. This date is 811 days or a little over 2 years beyond the statute of limitations. Accordingly, statutory tolling does not save the petition from the statutory bar of Section 2244(d).

**Equitable Tolling**

The district court has discretion to decide whether or not to apply the doctrine of equitable tolling to the one-year limitation imposed by Section 2244(d) if the case "presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Equitable tolling usually applies where the defendant has "actively misled" the plaintiff about the cause of action or prevents the plaintiff from asserting his rights. *Ott v. Johnson*, 184 F.3d 510, 513 (5th Cir. 1999). The petitioner bears the burden of proving the existence of any "rare and exceptional circumstances" that justify equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

The Fifth Circuit has held that such issues as ignorance of the law, *pro se* status, lack of access to legal research materials, illiteracy or deafness are not sufficient to establish the necessary cause to excuse a petitioner's procedural default. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *see also Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992). Courts have acknowledged that mental incompetency might provide a basis for tolling, but neither the Supreme Court nor the Fifth Circuit has ever applied the doctrine of equitable tolling based upon a showing of mental incompetence in a habeas case. *See Wells v. King*, 2012 WL 1906420 (S.D. Miss. May 1, 2012). The Supreme Court has rejected a petitioner's attempt to invoke equitable

tolling based upon a mental impairment, stating that "[e]ven assuming this argument could be legally credited, [Petitioner] has made no factual showing of mental incapacity." *Lawrence v. Florida*, 549 U.S. 327, 337 (2007).

Petitioner makes no claims that he was "actively misled" by the respondent. He simply claims that his educational and mental status caused him to be ignorant of the law, thus the petition was not submitted on time. Prisoner's education/illiteracy or absence of knowledge of the law is not sufficient to establish the necessary cause to excuse a petitioner's procedural default. *See Felder,* 204 F.3d at 171.

Additionally, Knight has made no showing of mental incapacity that would prevent a timely filing. Indeed, the record reflects the Petitioner had the mental capacity or assistance to file a motion for post-conviction, relief in state court just three months after his conviction, along with other various filings thereafter. *See e.g.,* (Motion [11] Ex. B, C & D) Petitioner provides no basis for the Court to conclude that he had the requisite mental capacity to file state pleadings, but not federal ones.

Because Knight failed to show any rare and exceptional circumstance to warrant equitable tolling, and his Petition was beyond the § 2244(d) deadline, the Petition is time-barred and should be dismissed with prejudice.

## Conclusion

Petitioner's state court judgment became final on June 1, 2007. Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A), and the statutory tolling period in 28 U.S.C. § 2244(d)(2), the Petitioner was required to file his federal petition by August 18, 2010. Petitioner filed his petition on November 6, 2012. Petitioner has failed to meet his burden of

proving that equitable tolling is appropriate. Accordingly, he cannot avoid the statutory bar of Section 2244(d).

### Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss [21] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus [1] be dismissed with prejudice.

### Notice of Right to Object

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the *District Court. Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THIS the 24th day of June, 2014.

s/ Michael T. Parker
United States Magistrate Judge