```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION


ARCHIE JAMES KNIGHT                                      PETITIONER

VS.                          CIVIL ACTION NO. 5:12-cv-148(DCB)(MTP)

STATE OF MISSISSIPPI and
FRANK SHAW, Warden of the
East Mississippi Correctional
Facility                                                 RESPONDENTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendants State of Mississippi and Frank Shaw's Motion to Dismiss **(docket entry 21)**, on the petitioner Archie James Knight's 's Response thereto (docket entry 22), and on the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 27)**. The petitioner filed an additional response to the motion to dismiss (docket entry 29) and objections to the Report and Recommendation (docket entry 30). Having carefully considered the motion and the Report and Recommendation, as well as the petitioner's responses and objections, and being fully advised in the premises, the Court finds as follows:

On May 2, 2007, the petitioner entered a guilty plea to the charge of Sexual Battery in the Circuit Court of Adams County, Mississippi. The trial court ordered the Petitioner to serve a twenty-five year sentence with the Mississippi Department of Corrections. The petitioner did not appeal the sentence to the Mississippi Supreme Court. On August 14, 2007, he filed a motion

for post-conviction relief in the Circuit Court of Adams County. The trial court denied this petition on October 29, 2009. According to the records of the Mississippi Supreme Court Clerk's Office, the petitioner did not appeal the trial court's decision to the Mississippi Supreme Court. Additionally, in his response (docket entry 22) the petitioner does not indicate that he appealed the trial court's decision.

On May 31, 2011, the petitioner filed an "application for leave to proceed in the Adams County Circuit Court with post-conviction relief motion" in the Supreme Court of Mississippi. On June 8, 2011, the state supreme court dismissed the motion so that it could be filed in the trial court. On June 29, 2011, Knight filed a motion for reconsideration of post-conviction relief in the Adams County Circuit Court, asserting that he had been illegally sentenced. By order dated August 16, 2012, the trial court denied his motion and found that the request for post-conviction relief was time-barred.

On October 30, 2012, Knight filed his Petition for Writ of Habeas Corpus in this Court, asserting the following grounds for relief: improper judicial conduct, involuntary plea, illegal sentence, ineffective assistance of counsel, and violation of Fifth Amendment right to due process.

In their Motion to Dismiss, the respondents contend that the Petition was untimely filed and, therefore, should be dismissed

under 28 U.S.C. § 2244(d). The petitioner responded, claiming that he exercised due diligence in filing his petition, but that his ignorance of the law, mental status, and education caused him not to file in time.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which applies to Knight's case, provides that petitions for federal habeas relief must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In his Report and Recommendation, Magistrate Judge Parker shows that Knight's conviction became final on June 1, 2007, which gave him one year (until June 2, 2008) to file a petition for relief, absent statutory or equitable tolling. On August 14, 2007, only 3 months after his sentencing, Knight filed a motion for post-conviction relief. It was dismissed on October 29, 2009. Therefore, from August 14, 2007, to October 29, 2009, the statute of limitations was tolled for 807 days (2 years, 2 months and 15 days). This extended the due date for the habeas petition to August 18, 2010.

On May 31, 2011, Knight filed an "application for leave to proceed in the Adams County Circuit Court with post-conviction relief motion" in the Supreme Court of Mississippi. It was dismissed to be re-filed at the trial court level, where it was subsequently denied because it was barred by the three year statute

3

of limitations for post-conviction relief claims. Knight's second motion for post-conviction relief was not "properly filed" because it was barred by the three year statute of limitations under Mississippi law. Therefore, it did not toll the statute of limitations for his federal habeas petition. See 28 U.S.C. § 2244(d)(1)(A). Knight filed the instant habeas petition on November 6, 2012; therefore, statutory tolling does not save his petition from the statutory bar of Section 2244(d).

The Report and Recommendation also shows that equitable tolling does not apply. A district court has discretion to decide whether or not to apply the doctrine of equitable tolling to the one-year limitation imposed by Section 2244(d) if the case "presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). Equitable tolling usually applies where the defendant has "actively misled" the plaintiff about the cause of action or prevents the plaintiff from asserting his rights. Ott v. Johnson, 184 F.3d 510, 513 (5th Cir. 1999). The petitioner bears the burden of proving the existence of any "rare and exceptional circumstances" that justify equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

The Fifth Circuit has held that such issues as ignorance of the law, pro se status, lack of access to legal research materials, illiteracy or deafness are not sufficient to establish the

4

necessary cause to excuse a petitioner's procedural default. Courts have acknowledged that mental incompetency might provide a basis for tolling, but neither the Supreme Court nor the Fifth Circuit has ever applied the doctrine of equitable tolling based upon a showing of mental incompetence in a habeas case. See Wells v. King, 2012 WL 1906420 (S.D. Miss. May 1, 2012). The Supreme Court has rejected a petitioner's attempt to invoke equitable tolling based upon a mental impairment, stating that "[e]ven assuming this argument could be legally credited, [petitioner] has made no factual showing of mental incapacity." Lawrence v. Florida, 549 U.S. 327, 337 (2007).

Knight makes no claims that he was "actively misled" by the respondent. He simply claims that his educational and mental status caused him to be ignorant of the law; therefore, his petition was not submitted on time. A prisoner's education/ illiteracy or absence of knowledge of the law are not sufficient to establish the necessary cause to excuse a petitioner's procedural default. See Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000).

In addition, Knight fails to show any rare and exceptional circumstances sufficient to warrant equitable tolling, and his petition was filed beyond the § 2244(d) deadline. The petition is thus time-barred and must be dismissed with prejudice. This Court finds nothing in the petitioner's responses or objections that

would warrant deviation from the course recommended by the magistrate judge.

Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation **(docket entry 27)** of Magistrate Judge Michael T. Parker is hereby adopted as the findings of this Court;

FURTHER ORDERED that the respondent's motion to dismiss **(docket entry 21)** is GRANTED.

A final judgment dismissing the Petition in accordance with Rule 58 of the Federal Rules of Civil Procedure shall follow.

SO ORDERED, this the 20th day of August, 2014.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE